AMERICAN MANUFACTURERS OF CASTOR OIL PRODUCTS (AMCOP),
PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 84-4-00570

Before RAO, *Judge.*

ORDER

Plaintiff is an association of domestic producers of castor oil products. It seeks, by this action, judicial review of a countervailing duty determination by the U.S. Department of Commerce (hereinafter Commerce), claiming that Commerce acted illegally in conducting its annual administrative review under § 751 of the Trade Agreements Act of 1979 of certain castor oil products imported into the U.S. from Brazil.

The Notice of Results of Administrative Review of Commerce's International Trade Administration (hereinafter ITA) was published in the Federal Register on March 16, 1984 (49 Fed.. Reg. 9921) and covered the period January 1, 1981 through December 31, 1981. Commerce also announced its determination that the potential subsidy, for purposes of the cash deposit of estimated countervailing duties, to be 0.40%, and according to plaintiff's complaint, Commerce has expressed its intention to instruct the Customs Service to assess countervailing duties in the amount of the estimated countervailing duties, rather than in the amount of the aggregate net subsidy of 4.70%.

Plaintiff seeks a temporary restraining order to enjoin the liquidation of the involved entries at the lower rate, claiming that it will be irreparably harmed if the entries of the subsidized castor oil products are liquidated with only the estimated duties being assessed, since there is no provision for the reliquidation of entries at the instance of an American association of producers. It cites *Zenith Radio Corp.* v. *United States,* 710 F.2d 806 (CAFC 1983) for the proposition that liquidation of entries pending a decision in a civil action challenging Commerce's annual review determination would eliminate the only remedy available to a plaintiff by depriving this court of ability to grant the remedy of the assessment of the correct duties on entries occurring during the review period.

Defendant, United States, objects to the issuance of the temporary restraining order on the grounds that it is clear that plaintiff cannot prevail on the merits. It claims that the statute under which Commerce must instruct the Customs Service to liquidate the entries with the imposition of duties at the estimated duty rate is clear and unambiguous. The pertinent provision is § 104(b)(4) of the Trade Agreements Act of 1979, which reads:

> (4) Effect of determination.—
>     (A) Affirmative determination.—Upon being notified of an affirmative determination under paragraph (2) by the Commission, the administering authority shall liquidate entries

of merchandise the liquidation of which was suspended under paragraph (3) of this subsection and impose countervailing duties in the amount of the estimated duties required to be deposited. The countervailing duty order shall remain in effect until revoked, in whole or in part, under section 751(c) of the Tariff Act of 1930.

Although this provision, read in conjunction with the legislative history, Senate Report No. 96-249 pp 59-60, which states:

Present law.—Under current practice, if the security posted to cover the estimated liability for countervailing duties is different from the actual duty imposed, the difference is refunded or collected, as the case may be, without interest.

The bill.—Under section 707 of the Tariff Act of 1930, as added by the bill, the difference between the security posted under 703(d)(2) on an entry during an investigation and the countervailing duty imposed under section 701(a) would be (1) disregarded, if the security is less, or (2) refunded, if the security is more. No interest would accrue in either case.

After a countervailing duty order is issued under section 706, the difference between estimated duty deposits required under section 706(a)(3) and countervailing duties imposed under Section 701(a) would be collected or refunded, as the case may be. In either case, interest would be payable as required under section 778 of the Tariff Act, as added by the bill.

Reason for the provision.—Article 5(6) of the agreement prohibits collection of the difference between any security posted during the investigation and the final countervailing duty if the latter exceeds the former. Section 707(a) implements this provision for the United States.

and the General Agreement on Tariffs and Trade, 31 U.S.T.I.A.S. p. 526, which states:

Article 5—Provisional Measures and Retroactivity

\*        \*        \*        \*        \*        \*        \*

6. If the definitive countervailing duty is higher than the amount guaranteed by the cash deposit or bond, the difference shall not be collected. If the definitive duty is less than the amount guaranteed by the cash deposit or bond, the excess amount shall be reimbursed or the bond released in an expeditious manner.

seem to be clear that only the estimated duty can be assessed, there are other issues which arise in this case which require that the relative position of the parties be maintained. One such issue is whether this court has jurisdiction to review an estimated duty deposit rate and whether there is a limitation of time on the right of a party to a countervailing duty action to seek such a review.

Considering all of the above it is hereby

Ordered that plaintiff's motion for a temporary restraining order should be and the same hereby is granted, and it is

FURTHER ORDERED that the Defendant, United States, together with the delegates and all other officers, agents, servants, and employees of the U.S. Department of Commerce and the U.S. Customs Service shall be and hereby are restrained from the liquidation of all unliquidated entries of certain castor oil products from Brazil, subject to a countervailing duty order, entered, or withdrawn from warehouse, for consumption or after August 3, 1981, and on or before January 17, 1984, and it is

FURTHER ORDERED that plaintiff's Motion for Preliminary Injunction is set down for hearing before this court on the 27th day of June, 1984 and that defendant may file opposing papers by June 25, 1984. Plaintiff may reply to defendant's opposition within two days of its service, and it is

FURTHER ORDERED that this order shall expire ten days from date of entry of the same unless extended for good cause shown.